An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BLUE MARTINI LAS VEGAS, LLC,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE; AND DISCOVERY
COMMISSIONER BONNIE BULLA,
Respondents,
and
TOMORA REICHARDT,
Real Party in Interest.

No. 62557

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus seeking an order directing the district court to reverse the discovery commissioner's recommendation that petitioner's answer be stricken as to liability as a sanction for spoliation of evidence.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. See NRS 34.170; International Game Tech., 124 Nev. at 197, 179 P.3d at 558. It is within our discretion to determine if a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07865

Petitioner bears the burden of demonstrating that extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and appendix, we decline to intervene with regard to the imposition of the discovery sanction, as, to the extent that petitioner is aggrieved, it will have an adequate remedy in the form of an appeal from any final judgment entered in the district court action. See Pan, 120 Nev. at 224, 88 P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief). Accordingly, we deny the petition.[1] See NRAP 21(b)(1); Smith, 107 Nev. at 677, 818 P.2d at 851 (explaining that the decision as to whether to grant writ relief is within this court's discretion).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Although petitioner stated in the petition that it was also seeking relief from the district court's decision excluding certain evidence from the trial as to damages, no argument was set forth as to this issue, and thus, we decline to address it. See Edwards v. Emperor's Garden Rest., 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued or supported by relevant authority).

cc: Hon. Kathleen E. Delaney, District Judge
Phillips, Spallas & Angstadt, LLC
G. Dallas Horton & Associates
Eighth District Court Clerk